### Neil v. Lee Tire and Rubber Company.

*Workmen's Compensation Law—Practice, C. P.—Appeals—Notice—Proof of notice—Failure to file—Motion to strike off appeal—Appearance.*

1. Upon an appeal from a decision of the Workmen's Compensation Board the appellant failed to file in the records of the court any proof of service of the notice of appeal. The appellee moved to strike off the appeal for the reason that no such notice had been given as required by art. iv, section 427, of the Act of June 26, 1919, P. L. 642, 665, amending the Workmen's Compensation Act of 1915. The Rules of Court of Montgomery County require that the allegations of such a petition must be supported by depositions, and, since no depositions were taken in this case, the motion to strike off was dismissed.

2. Art. iv, section 427, of the Act of June 26, 1919, P. L. 642, 665, requires the party taking an appeal from the decision or award of the Workmen's Compensation Board to give the adverse party written notice of such appeal, but the act says nothing about filing proof of service of the notice. Absence of such proof from the record cannot, therefore, be made the ground for striking off the appeal.

3. Where an appeal is taken from the Workmen's Compensation Board to the Court of Common Pleas and the defendant, being the appellee, causes a general appearance to be entered in its behalf, it is too late, after appearance has been entered, to move to strike off the appeal because of an alleged failure to give the required notice of appeal.

Appeal from Workmen's Compensation Board. Motion to strike off appeal. C. P. Montgomery Co., Sept. T., 1922, No. 84.

*Evans, High, Dettra & Swartz*, for motion; *Robert T. Potts*, contra.

MILLER, J., March 19, 1923.—Both the referee and the Workmen's Compensation Board having disallowed compensation to the claimant, she, on Oct. 11, 1922, filed with the prothonotary her notice of appeal to this court and, two days later, her exceptions to "findings, conclusions of law and the disallowance of compensation."

On Jan. 8th following, the defendant moved to strike off the appeal "for the reason that no notice of the said appeal was given to the defendant as required by the Act of June 26, 1919, § 427, P. L. 642, 665." The customary rule was granted. Under our rule of court, it thereupon became the duty of the defendant to establish this fact by deposition, but none was taken. A mere *ex parte* statement by a party in a motion to strike off does not constitute proof of the fact averred. It not having been shown that the appellant had failed to give notice as required by the act, the rule must, therefore, be discharged for this technical reason alone.

Much stress was laid at the argument upon the fact, which is true, that the appellant had failed to file in the proceedings proof of service of notice to the appellee that the appeal had been taken. This is, of course, a matter entirely different from the reason alleged in the motion to strike off, and is, therefore, not now properly before us, but it may not be amiss to venture a few thoughts concerning, without, however, deciding, it.

As we construe it, section 427 of the Act of 1919 does not require the claimant to file in the proceedings on appeal proof of service of notice to the appellee of the taking of the appeal. It does, however, expressly provide that "the party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed." It directs, further, that the appellant shall file his exceptions with his "notice of appeal," and that, "upon filing of the notice of an appeal," the prothonotary shall issue a writ of *certiorari* to the board. The "notice of appeal" referred to in these connections is clearly the notice by the claimant to the prothonotary of the appeal itself. It is not proof of the service of the written notice of the appeal upon the adverse party.

Were there any doubt about this being the correct interpretation of the act, it is effectually removed by reference to section 425 of the original of June 2, 1915, P. L. 736, which directed that any party in interest who desired to appeal from the decision of the board should file a "notice of appeal" with the prothonotary. While that of 1919 requires appellant also to give the adverse party written notice of his appeal, it says nothing about filing proof of service thereof in the proceedings. Absence from the record of such proof of service cannot, therefore, be made the ground for a motion to strike off the appeal.

There also is another aspect of the case to which our attention was directed at the argument. The defendant caused a general appearance to be entered for it on Jan. 4, 1923—four days before the motion to strike off was entered.

By section 427 of the Act of 1919, the Common Pleas obtains jurisdiction of the subject-matter upon the prothonotary receiving notice of the appeal, accompanied by appellant's exceptions to the action of the board. The writ of *certiorari* for removal of the record then goes out. The adverse party is, however, and as a matter of course, entitled to a hearing. He must have his day in court. The same section, therefore, requires, further, that he shall have notice of the appeal. This notice is, in our opinion, analogous to a summons or other original writ to obtain an appearance by the appellee. Its purpose is to give to the court, which has already acquired jurisdiction over the subject-matter, jurisdiction over the person of the appellee.

But this notice may be waived by him, and when he appears generally on the appeal without objection to the notice, he cannot afterwards question the want of, or the sufficiency of, the notice: 2 Ruling Case Law, 112, and cases cited. The giving of a notice is not an indispensable step in taking an appeal. It does not serve any higher purpose than a summons, and its entire absence can be waived: Stephens v. Conley, 48 Montana, 352, 138 Pac. Repr. 189; Anno. Cases, 1915, D., 958. It is a well-settled rule of practice in this State that an appearance by the defendant cures any defect or irregularity in the service of the writ: Patton's Practice, 112, and cases cited. The motion to strike off comes, therefore, too late, and for this additional reason the rule must be discharged.

We are, of course, aware that the foregoing conclusion does not appear to be in harmony with that of Judge Corbet, of Jefferson County, in Skokan v. Em Lou Coal Co. et al., 1 D. & C. 456. It may be, however, that if all the material facts of that case had been set forth in its report, the two might be distinguished rather than be found to be directly in conflict. It is impossible to learn from reading the report whether or not the appellee in the Skokan case had entered a general appearance before it moved to strike off.

And now, March 19, 1923, the motion is overruled and the rule is discharged.
3 D. & C.